IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:18-CR-00691-002 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| vs. | ) | |
| | ) | |
| KAYLA ELLIS | ) | |
| | ) | **DEFENDANT'S SENTENCING** |
| Defendant. | ) | **MEMORANDUM** |
| | ) | |
| | ) | |

NOW COMES the Defendant, Kayla Ellis, by and through undersigned Counsel, and respectfully requests this Honorable Court consider the attached Memorandum in imposing judgment and sentence.

Respectfully submitted,

s/Damian A. Billak
**DAMIAN A. BILLAK (#0065274)**
*ATTORNEY FOR DEFENDANT*
Creekside Professional Centre
Bldg. F, Suite 100
6715 Tippecanoe Road
Canfield, OH  44406
Phone: 330-702-2000
Fax: 330-702-2970
E-mail: dbillak@billaklaw.com

**CERTIFICATE OF SERVICE**

This is to certify that on August 14, 2019, a copy of the foregoing *Defendant's Sentencing Memorandum* was filed with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

                                                  s/Damian A. Billak
                                                  **DAMIAN A. BILLAK (#0065274)**
                                                  *ATTORNEY FOR DEFENDANT*

**MEMORANDUM**

I. **PERSONAL HISTORY**

Kayla Ellis is 25 years old, single, and has two young children. Her children have been adopted by family members while incarcerated. Considering Ms. Ellis's father suffered by alcoholism, she and her two siblings were raised in a fairly stable environment. Her mother was employed as a nurse and her father as a union roofer. She maintains a close relationship with her parents and siblings. Ms. Ellis acknowledges a history of substance abuse beginning in her early teen years, and developed depression and anxiety in 2018 for which she requires medication. Ms. Ellis's opiate addiction was the major contributing factor to her criminal activity. She desires to be free from addiction and be a productive member of society and regain custody of her children.

II. **STATEMENT OF THE CASE**

Ms. Ellis accepted responsibility for her actions by entering a guilty plea to Counts 1, 2, 3, 4, 5, and 6 of the Indictment. At the time of the offense, Ms. Ellis was in the grips of addiction which further clouded her judgment and, while not an excuse, contributed greatly to her unlawful conduct.

III. **LAW AND ARGUMENT**

    A. **Current State of Sentencing Law in the Wake of *United States v. Booker* and its Progeny**

Sentencing procedure underwent a fundamental change with the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). Whereas the Federal Sentencing Guidelines previously were virtually mandatory in nature, today they are "effectively advisory" in all cases. *Id.* at 245. The net result is that district courts must now impose a sentence that is "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in 18

3

U.S.C. §3553(a)(2). *See United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006) ("It is worth noting that a district court's job is not to impose a 'reasonable' sentence. Rather, a district court's mandate is to impose a 'sentence, sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a)(2).")

The Supreme Court's directive that district courts are to impose sentences in light of **all** of the sentencing criteria set forth in § 3553 was made clear in its recent decision in *Gall v. United States*, 128 S. Ct. 586 (2007). In *Gall*, the Court established the following procedure that district courts are to follow when imposing sentence:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

*Id.* at 596-597; *see also United States v. Gossman*, 513 F.3d 592, 596 (6th Cir. 2008) ("*Gall* shows that the sentencing process involves an exercise in judgment, not a mathematical proof...").

Importantly, the "sufficient but not greater than necessary" standard of § 3553 test is no mere guideline. Rather, it sets an independent upper limit on the sentence that may be imposed by a Court.

4

**B.     Application of the Statutory Sentencing Criteria**

      **1.     §3553(a)(1) – Nature and Circumstances of the Offense and History and Characteristics of the Defendant**

The circumstances under which the offense occurred should never reoccur. Ms. Ellis recognizes the seriousness of the offense and the impact her actions have on her children and family. Family members adopted her children because of her substance abuse and the impending incarceration on the instant case. She desires to participate in a treatment program and lead a law-abiding life and to be a loving mother to her children.

      **2.     §3553(a)(2)(A) – Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment**

This Court is free to exercise the substantial discretion afforded to it under *Gall* to fashion an appropriate sentence.

It is requested the sentence be tailored as to not be greater than necessary in light of Ms. Warrens' minor role in this offense.

It is necessary to incarcerate to promote respect for the law and to provide just punishment, but it is requested the length of incarceration be tailored as to not be greater than necessary.

      **3.     §3553(a)(2)(D) – Provide Education, Training, and Care for the Defendant**

Ms. Ellis graduated from Key Stone High School in LaGrange, Ohio in 2012. After graduation, she has had minimal employment. Ms. Ellis will benefit from further substance abuse programs, education, employment training, or care that may be obtained during incarceration.

    **4.** **§3553(a)(4) & (5) – Sentencing Guideline Considerations and Policy Statements**

Ms. Ellis is requesting a reasonable sentence. It is respectfully requested that this Honorable Court consider her substance abuse as well as her actions did not involve weapons or violence. In addition, once Ms. Ellis is released from custody, she will reside with her parents which will alleviate concerns of future illegal associations and activity.

    **a.** **Family Ties and Responsibilities**

U.S.S.G. § 5H1.6 permits the Court to consider Ms. Ellis's family ties when considering an appropriate sentence within the applicable guideline range. Further separating Ms. Ellis from her children and family for an extended period will be devastating for all.

## IV. <u>CONCLUSION</u>

Ms. Ellis is deeply remorseful, ashamed, and embarrassed by her conduct. She poses little risk of future criminal behavior if she receives counseling for substance abuse and participates in self-improvement programs.

It is respectfully requested that this Honorable Court consider a sentence not greater than necessary coupled with any other conditions determined appropriate following release.

    Respectfully submitted,

    s/Damian A. Billak
    **DAMIAN A. BILLAK (#0065274)**
    *ATTORNEY FOR DEFENDANT*
    Creekside Professional Centre
    Bldg. F, Suite 100
    6715 Tippecanoe Road
    Canfield, OH  44406
    Phone: 330-702-2000
    Fax: 330-702-2970
    E-mail: dbillak@billaklaw.com